UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOHN DUFFY III, individually and on behalf of all others similarly situated,

                  Plaintiffs,

       -against-

ILLINOIS TOOL WORKS, INC., and
SOUTH/WIN LTD.,

                  Defendants.
------------------------------------------------------------

**ORDER**
**15-CV-7407 (NGG) (SIL)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is non-party BMW's motion to set aside Judge Locke's May 4, 2022 Order denying its motion to quash. Because that Order is neither clearly erroneous nor contrary to law, BMW's motion is DENIED.

## I. BACKGROUND

Defendants, Illinois Tool Works, Inc. and South/Win, Ltd., manufacture and market Rain-X. Plaintiff alleges that Defendants altered the Rain-X formula, causing damage to his and other class members' continuity prong sensor in their windshield washer system. Plaintiff thus moved to certify a class. (*See* Pl.'s Mot. (Dkt. 105).) This court granted that motion. (*See* Sept. 30, 2021 M&O (Dkt. 115).) As a result, a class has been certified and defined as: (a) persons (b) with vehicles (c) that are equipped with continuity prong windshield washer fluid sensors (d) who purchased and used Rain-X windshield washer fluid in such vehicles (e) whose continuity prong windshield washer sensors in such vehicles was then repaired or replaced any time after December 30, 2012 and before January 1, 2017 (f) if either the vehicle was registered in New York (state), the repairs were done in New York (state), or the Rain-X was purchased in New York (state).

After class certification, this court referred the case to Magistrate Judge Steven Locke for further proceedings, and the parties, with his assistance, have negotiated a settlement. (*See* Pl's Opp. to Mot. to Set Aside ("Opp.") (Dkt. 141) at 1.) Plaintiff now seeks to provide notice to class members, *i.e.*, persons with vehicles equipped with continuity prong windshield washer fluid sensors who used Rain-X and whose continuity prong windshield washer sensors were then repaired or replaced.

Continuity prong sensors are used primarily by four car manufacturers: (1) VW/Audi, (2) Chrysler, (3) Mercedes, and (4) BMW. Plaintiff thus issued new non-party subpoenas on those four car manufacturers so that a class list may be compiled. (*See* Oct. 6, 2021 Min. Entry (Dkt. 117).) Plaintiff reports that VW/Audi and Chrysler have produced customer lists pursuant to the protective order in effect, (*see* Opp. at 1; Protective Order (Dkt. 52)), and he continues to work with Mercedes to produce a list of potential class members, (*see* Opp. at 1; June 1, 2022 Min. Entry (Dkt. 142)). BMW moved to quash Plaintiff's reissued subpoena. (*See* BMW Mot. to Quash (Dkt. 124).) On May 4, 2022, Judge Locke held oral argument on that motion, which he denied in its entirety and ordered BMW to produce the requested information no later than June 6, 2022. (*See* May 4, 2022 Min. Entry (Dkt. 137); May 4, 2022, Tr. of Proceedings ("Tr.") (Dkt. 140) at 2-7.) BMW now asks this court set aside that Order. (*See* BMW Mot. to Set Aside (Dkt. 139).)

## II. DISCUSSION

"Matters concerning discovery are generally considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*,

900 F.2d 522, 525 (2d Cir. 1990).[1] Under Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's order regarding a non-dispositive pretrial matter "will be modified or set aside by the district judge assigned to the case only where the order is clearly erroneous or contrary to law." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d. 279, 283 (E.D.N.Y. 2009). An order is clearly erroneous only when the reviewing court, based on the entire evidence, "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.*, 508 U.S. 602, 622 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Travel Sentry, Inc.*, 669 F. Supp. 2d. at 283. Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. *See Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011).

BMW argues that Judge Locke erred in disregarding the confidentiality interests of its customers. In renewing (and overstating) this privacy-based argument, however, BMW evinces a clear misunderstanding of this action. For instance, BMW argues that it should not be required to turn over this information because it does not specifically identify Rain-X as the culprit behind that continuity prong sensor damage. But that puts the cart before the horse. Throughout the class period, Defendants (via Rain-X) owned a large share of the premium windshield washer fluid market. (*See* M&O at 11-12.) Plaintiff alleges that when Defendants altered the Rain-X formula, the four car manufactures listed above experienced an aberrant uptick in complaints about continuity prong sensors. So much so that these

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

3

manufacturers, including BMW, issued technical service bulletins on how to repair sensors damaged by silicone-based washer fluids like Rain-X. (*See* BMW Technical Service Bulletin (Dkt. 142-2); *see also* M&O at 11-12.) But when Defendants returned to the original Rain-X formula, those complaints all but stopped. Because of this clear cause-and-effect between the formula change and these complaints, Plaintiff rightly seeks information from BMW (and the other three car manufacturers) concerning customer complaints that align with the specific damage caused to continuity prong sensors. These aggrieved customers are likely class members, and Plaintiff has an obligation to provide them with notice. *See* Fed. R. Civ. P. 23(c)(2)(B), (e)(1).

At the pre-certification stage, Judge Locke expressly recognized the privacy interests of those potential class members' information and denied Plaintiff's request for unredacted customer information. (*See* Order (Dkt. 68) at 12-13.) Now at the post-certification stage, however, those privacy interests have shifted. So at oral argument, Judge Locke again recognized those interests, rebalanced them, and denied BMW's motion. (*See* Tr. at 3-7.) This decision falls squarely within Judge Locke's broad discretion to resolve discovery disputes. And BMW's speculative arguments to the contrary are undermined by the fact that the requested information is subject to a protective order and that two other major car manufacturers, VW/AUDI and Chrysler, have already complied with their subpoenas. *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 413-14 (E.D.N.Y. 2007) ("Protective orders serve essential functions in civil adjudications, including the protection of the parties' privacy and property rights.").

Individuals of course have an interest in avoiding disclosure of personal information. *See, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). But this interest by

4

no means has led courts to quash any and every subpoena involving such information directed at a third party. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (applying a balancing test to analyze the disclosure of private information including, *inter alia*, a "consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information"); *see also In re McVane*, 44 F.3d 1127, 1137 (2d Cir. 1995). Here, the requested BMW customer information is relevant to this case; it is not sensitive; and it is subject to the protective order. Moreover, due to the unique injury caused during the class period, there is a likelihood—one significantly higher than BMW wishes to acknowledge—that the requested customer information will successfully identify class members who would benefit from this action.

### III. CONCLUSION

Judge Locke's Order is neither clearly erroneous nor contrary to law. Therefore, BMW's motion to set aside is DENIED, and BMW is DIRECTED to comply with the Order by June 10, 2022, or such date that Judge Locke determines is reasonable.

SO ORDERED.

Dated:   Brooklyn, New York
         June 2, 2022

                                          /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge