UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN DUFFY III, individually and on behalf of
all others similarly situated,

                              Plaintiff,

            -against-

ILLINOIS TOOL WORKS, INC., and
SOUTH/WIN LTD.,

                        Defendants.

**MEMORANDUM & ORDER**

**15-CV-07407 (NGG) (SIL)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is a class action lawsuit commenced by Plaintiff John Duffy III, ("Plaintiff Duffy" or "Plaintiff") individually and on behalf of all others similarly situated, against Illinois Tool Works, Inc. and South/Win Ltd., now known as Highline Warren LLC (collectively, "Defendants"), asserting claims for breach of express warranty,[1] strict product liability, negligence, and deceptive business practices and false advertising under New York General Business Law §§ 349 and 350, respectively. (*See generally* Am. Compl. (Dkt. 21).) Pending before this court are Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R") on Class Counsel's[2] Motion for Attorney's Fees and Costs, Class Counsel's Objections to the R&R, and Defendants' Response to Class Counsel's Objections. (*See* Class Counsel's Mot. for Attorney's Fees ("Mot.") (Dkt. 164); R&R dated 07/18/2024 ("R&R") (Dkt. 180); Class Counsel's Objections to R&R ("Obj. to R&R")

---

[1] On November 1, 2016, in a bench ruling, then-District Judge Joseph F. Bianco dismissed Plaintiff's express warranty claim and request for injunctive relief. (*See* Order dated 11/01/2016 (Dkt. 35); *see also* Oral Ruling Tr. (Dkt. 36) at 7:5-11; 18:11-19.) The case was reassigned to the undersigned on May 31, 2019. (*See* Minute Entry dated 05/31/2019.)

[2] Edelman, Combs, Latturner & Goodwin, LLC ("Edelman") and Kleinman, LLC ("Kleinman") are the Class Counsel here.

(Dkt. 181); Defs.' Response to Objections to R&R ("Defs.' Resp.") (Dkt. 182).) For the reasons set forth below, the court OVER-RULES Class Counsel's Objections to the R&R and ADOPTS IN FULL the R&R. The court also GRANTS Plaintiff Duffy's petition for an incentive fee award in the amount of $10,000.

## I.   BACKGROUND

The court assumes the parties' familiarity with the background of this case as set forth in Magistrate Judge Locke's detailed description of the foregoing factual and procedural history, including reviewing key provisions of the Class Settlement Agreement and Release (the "Settlement Agreement"), in his R&R. (R&R at 2-7; *see also* Settlement Agreement (Dkt. 160-2).) Judge Locke issued the annexed R&R on July 18, 2024, recommending that Class Counsel be awarded $19,316.35 in attorney's fees and $41,117.61 in costs, for a total of $60,433.96. (*See* R&R at 16.) Class Counsel filed objections on August 1, 2024. (*See* Obj. to R&R.) On August 15, 2024, Defendants filed their response to Class Counsel's objections. (*See* Defs.' Resp.)

## II.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1)(C). Where a party timely and specifically objects to an R&R, the court conducts a *de novo* review of the contested portions of the R&R. *Fischer v. Forrest,* 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai,* 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).[3] In

---

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

the Second Circuit, "it is established law that a district judge will not consider new arguments raised in objections to magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 3-CV-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (citing *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990)).

## III. DISCUSSION

Class Counsel makes four objections to the R&R. First, Class Counsel objects to Judge Locke's finding that Class Counsel improperly staffed the matter. (Obj. to R&R at 5-6; *see also* R&R at 13-14.) Second, Class Counsel objects that Judge Locke improperly considered proportionality of relief obtained for Class Members to attorney's fees requested by Class Counsel when determining the reasonableness of attorney's fees. (Obj. to R&R at 7-10; *see also* R&R at 12.) Third, Class Counsel disputes Judge Locke's finding that the recommended attorney's fees award is justified by limited overall recovery. (Obj. to R&R at 10-12; *see also* R&R at 12-13.) Fourth, Class Counsel argues that the R&R's recommended amount of attorney's fees is not reasonable. (Obj. to R&R at 12-14; *see also* R&R at 14.) Defendants, in agreeing with Judge Locke's recommendations, challenge Class Counsel's objections without making any objections of their own. (*See generally* Defs.' Resp.) The court addresses each of Class Counsel's objections in turn.

### A. Attorney's Fees

#### 1. Improper Staffing of the Matter

First, Class Counsel objects to Judge Locke's findings regarding improper staffing of the matter, arguing that Class Counsel did not overstaff the matter on purpose because Edelman is a relatively smaller firm and Kleinman is a sole practitioner. (Obj. to

R&R at 5.) Defendants point out that this objection "simply re-hashes the argument" Class Counsel made in the supplemental filing. (*See* Defs.' Resp. at 7.) They are partially correct. (*See* Class Counsel's Suppl. Mem. ("Suppl. Mem.") (Dkt. 175) at 7 (arguing that most of the work was performed by partners because "[t]he majority of attorneys at Edelman are partners," Edelman and Kleinman do not have "the luxury of assigning associate attorneys to handle most case work with the supervision of a partner," and "Kleinman is a sole practitioner").) Therefore, the court reviews the portion of the R&R making findings about the sizes of Class Counsel's firms for clear error. Finding no clear error, the court agrees with Judge Locke that "[r]egardless of whether it was subjectively appropriate for partner-level attorneys" to conduct their work in this litigation, the court must award attorney's fees "based on what is *objectively* reasonable under the circumstances—particularly given the limited overall recovery in this case." (R&R at 14 (citing *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987)) (emphasis added).)

However, Class Counsel also makes specific objections to this portion of the R&R. For example, Class Counsel argues that the staffing of the matter was appropriate because partner-level attorneys performed more efficiently than associate attorneys and had more experience, in general, and more familiarity with the case, in particular. (Obj. to R&R at 5.) Class Counsel does not cite any legal authority to support this argument. Class Counsel also does not explain how partner-level attorneys' experience, familiarity, or efficiency excused the lopsided nature of the staffing. While attorneys can staff their matters as they see fit, "it is not appropriate, for purposes of gauging the reasonable fee, to assign partner-level rates to tasks that a first- or second-year associate could easily perform." *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12-CV-6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014). That is because the test of reasonable attorney's fees is an objective one. *See Beastie Boys v. Monster Energy Co.*, 112 F. Supp.

3d 31, 52 (S.D.N.Y. 2015) (emphasizing "the governing test of reasonableness is objective; it is not dictated by a particular client's subjective desires or tolerance for spending"). Therefore, Class Counsel's subjective determinations that partner-level attorneys were better suited to handle certain tasks are irrelevant.

Furthermore, Class Counsel's argument that the court in *Trinidad* "did not reduce attorney's fees to 5%" misunderstands Judge Locke's finding. (Obj. to R&R at 6.) The R&R cites *Trinidad* not to justify the specific percentage reduction warranted in this case, but to highlight the objective nature of the inquiry for determining reasonable attorney's fees. (*See* R&R at 14 (noting that "the Court must award attorneys' fees based on what is objectively reasonable under the circumstances").)

Next, Class Counsel attacks a straw man. That the court "should not conduct an 'ex post facto determination of whether attorney hours were necessary to the relief obtained'" misses the mark. (Obj. to R&R at 6 (quoting (*Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992))).) So does the argument that Kleinman engaged in substantive legal work. (Obj. to R&R at 6.) First, rather than determining *the number of hours* that would have been necessary for Class Counsel to obtain relief for the Class Members, here, the issue before the court is whether Class Counsel's *staffing* of the matter was appropriate. *Martinez* is inapposite. Second, it is of no consequence that Kleinman, as a sole practitioner, "appeared at court hearings, took the deposition of one of the Defendants' representatives and defended Plaintiff's deposition during the COVID-19 pandemic[.]" (*Id.*) Those are clearly not administrative tasks. No one argues otherwise. Instead, Judge Locke found that certain administrative tasks performed by Kleinman are "typically associated with paralegals." (*See* R&R at 13 (citing tasks such as filing documents in the case management system).) Class Counsel has no response to those findings.

Therefore, reviewing *de novo*, the court finds that Class Counsel improperly staffed the matter.

2.   Proportionality of Recovery to Attorney's Fees

Second, Class Counsel objects that Judge Locke erroneously relied on proportionality analysis in his R&R. (Obj. to R&R at 7-10.) Specifically, Class Counsel claims that the R&R "erroneously rejected controlling precedent on proportionality for fee shifting claims, including claims under §§ 349-350." (*Id.* at 8.) This objection reiterates Class Counsel's original arguments made in the opening and supplemental briefs almost verbatim, while nearly exclusively relying on the same legal authority cited in those briefs. (*E.g., compare* (Mot. at 5-6 (setting forth the definition of "prevailing party" under federal and New York state precedent)), *with* (Obj. to R&R at 7-8 (providing definition of "prevailing party" and relying on the same analysis)); *compare* (Suppl. Mot. at 2-4 (relying mostly on caselaw interpreting fee-shifting provisions in federal statutes)), *with* (Obj. to R&R at 8-10 (citing same cases and making same arguments about proportionality)).) As such, the court reviews this portion of the R&R for clear error. Finding none, the court adopts Judge Locke's well-founded analysis considering the reasonableness of the requested attorney's fees as compared to Class Members' limited recovery.

3.   Limited Recovery for Class Members

Third, in addition to repeating the arguments about proportionality, Class Counsel also objects to the R&R's finding that Class Counsel achieved limited success on behalf of Class Members, warranting a lower amount in attorney's fees. (Obj. to R&R at 11-12.)[4] Class Counsel argues that Judge Locke erred in basing the

---

[4] Without providing any factual basis, Class Counsel also argues that "defendants' actions contributed to prolonged litigation," which this court should also assess. (*Id.* at 12.) This is a new argument that Class Counsel

fee award on the $250,000 relief obtained for Class Members compared to the $5 million sought in damages, and that a 95% fee reduction is not warranted by the circumstances of this case. (Obj. to R&R at 11.) While it is a close cousin of the proportionality argument, the court will conduct a *de novo* review of this specific objection.

Generally, in awarding attorney's fees, courts within the Second Circuit evaluate the degree of success obtained by the plaintiffs. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) (elaborating that "the results achieved" is one of the factors "ordinarily considered by New York courts when evaluating requests for attorney's fees"), *certified question withdrawn*, 984 F.2d 69 (2d Cir. 1993); *see also Loc. 1180, Comms. Workers of Am., AFL-CIO v. City of New York*, 392 F. Supp. 3d 361, 378 (S.D.N.Y. 2019) (same). Indeed, the degree of success obtained is "the most critical factor." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). As such, "[b]oth the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 139, 152-53 (2d Cir. 2008) (finding no abuse of discretion in district court's decision to award $49,889 in attorney's fees instead of the requested amount of $340,375);

---

has not raised before—neither in the opening brief, nor in the supplemental brief. Class Counsel had at least two opportunities to do so. And Defendants correctly note that Class Counsel's citation to caselaw in the opening brief without any supporting facts did not preserve the argument. (*See* Defs.' Resp. at 14 n.7.) *See also Piligian,* 490 F. Supp. 3d at 716 (explaining that "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all"). Therefore, this court "will not consider [this] new argument[] raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but w[as] not." *Sci. Components Corp.*, 2006 WL 2524187, at*2.

*see also Gordon v. Verizon Comms., Inc.*, 148 A.D.3d 146, 165-66 (1st Dep't 2017) (highlighting "the principle that a settlement court should have discretion to award attorney's fees in an amount commensurate with the degree of benefit obtained by the class as a result of the litigation"). Where limited recovery is achieved, courts can reduce attorney's fees accordingly. *Am. Dev. Grp., LLC v. Island Robots of Fla.*, No. 17-CV-3323 (NGG) (PK), 2019 WL 5790265, at *13 (E.D.N.Y. Oct. 4, 2019) (recommending that $13,433 be awarded in attorney's fees rather than the requested amount of $53,730.50 because "Plaintiff achieved only partial success on its claims," including a GBL § 350 claim), *report and recommendation adopted*, No. 17-CV-3323 (NGG) (PK), 2019 WL 5788319 (E.D.N.Y. Nov. 6, 2019).

Here, Plaintiff's operative complaint provides evidence of what he and his Class Members hoped to achieve. (*See* Am. Compl. ¶ 8 (alleging that "[t]he claims of the proposed class members exceed the sum or value of $5,000,000").) [5] As a result of a settlement between the parties, however, Defendants agreed to pay damages of up to only $250,000 in aggregate—a small fraction of the damages sought. (Settlement Agreement ¶ 9.) Moreover, although Defendants agreed to pay that amount to Class Members who submitted valid claims, the final total payout was only $1,859.18. (R&R at 5.)[6] The total amount recovered by the plaintiffs in a commercial dispute is a proxy for measuring

---

[5] Class Counsel claims, without providing any evidence, that following dismissal of the Plaintiff's "breach of express warranty and national class claim, the litigation alleged damages were less than $5,000,000." (Obj. to R&R at 10.) Class Counsel does not clarify what the exact dollar amount of alleged damages were at that point. In any event, that is inconsequential. It remains true that Plaintiff's most recent complaint alleged damages of at least $5,000,000. (*See* Am. Compl. ¶ 8.)

[6] As Defendants note in their response to Class Counsel's objections, the amount recovered by Class Members is even lower ($1,700) because the recipients of several checks did not claim them within the required timeframe. (Defs.' Resp. at 2 n.2.)

the plaintiffs' success. *See Koch v. Greenberg*, 14 F. Supp. 3d 247, 280 (S.D.N.Y. 2014) (noting that "GBL §§ 349 and 350 protect consumer rights, which, in commercial cases, are directly measured by the financial damages imposed"). And the amount recovered here does not demonstrate the degree of success warranting $350,000 in attorney's fees. *See Hensley*, 461 U.S. at 436.

Furthermore, Class Counsel misconstrues Judge Locke's findings. Class Counsel's attempt to present the R&R's finding of limited success warranting a reduction in attorney's fees as an erroneous proportionality analysis is misguided. Class Counsel suggests that Judge Locke reduced the attorney's fees award to roughly 5% of the requested amount because the $250,000 relief obtained by Class Members represents 5% of $5 million in damages sought in this litigation. (*See* Obj. to R&R at 11.) Such reasoning is nowhere to be found in the R&R. Rather, the R&R arrived at the recommended amount of $19,316.35 by "subtracting the fees billed by" two former partners "from the total $409,427.00 fees incurred by Class Counsel and further subtracting 95% from the result." (R&R at 14 n.5.)[7] In the R&R, there is no indicia of comparison made between the 95% reduction and the proportionality of Class Counsel's recovery on behalf of Class Members as opposed to the original amount alleged in the operative complaint.

Class Counsel's attempts to distinguish *Hensley* and *Riordan* fare no better. The R&R relies on the Supreme Court's decision in *Hensley* for the proposition that across-the-board percentage deductions are warranted in awarding attorney's fees. (R&R at 14.) Instead of challenging that reasoning, Class Counsel argues that the Supreme Court in *Hensley* "explained assessment of success or 'results obtained' in the litigation[.]" (Obj. to R&R at 11.) That

---

[7] Class Counsel does not dispute the R&R's recommendation that Class Counsel should be denied attorney's fees for former partners Cathleen M. Combs's and James O. Latturner's work. (Obj. to R&R at 5, 13.)

language is merely a truism. It does not change *Hensley*'s guidance that the degree of success obtained is the most critical factor or that across-the-board reduction of attorney's fees under certain circumstances is warranted. 461 U.S. at 436-37 (holding that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount" and the district court may "simply reduce the award to account for the limited success").

Similarly, the Second Circuit's decision in *Riordan* supports the finding of a fee reduction here. Class Counsel asserts that "the result obtained" is merely one factor based on which the district court exercised its discretion to arrive at an appropriate fee award in *Riordan*. (*See* Obj. to R&R at 11-12.) That is correct. And the Second Circuit in *Riordan* approved it. 977 F.2d at 54 (holding that "a limitation based on the total recovery does not seem unreasonable to us"). Judge Locke's analysis leading to his recommendation did more than that. In addition to the limited recovery, the R&R also considered Class Counsel's improper staffing of the matter before determining that the requested attorney's fee award of $350,000 is unreasonable. (R&R at 13-14.) Where a district court has the authority to "exercise[] its discretion with respect to one factor considered in arriving at an appropriate fee award," that the R&R considered multiple factors in coming to its recommended fee award is both proper and reasonable under the circumstances here. *Riordan*, 977 F.2d at 54.

In sum, this this court reaches the same conclusion that based on the limited recovery obtained by the plaintiffs, a 95% fee reduction is warranted here.

### 4.   Reasonableness of the Amount Awarded

Lastly, Class Counsel objects that Judge Locke's recommended amount of attorney's fees is unreasonable. (Obj. to R&R at 12-14.) Part of this objection attempts to revive the same arguments

made about proportionality earlier in Class Counsel's objection, (*see* Obj. to R&R at 8-10, 13), as well as in Class Counsel's supplemental brief. (Suppl. Mot. at 2-4.) The remainder of this objection revisits Class Counsel's original points about "the robust notice program" made in the supplemental brief, (*compare* (Obj. to R&R at 13 (stating "the notice program for this settlement class was robust" with no opt-outs)), *with* (Suppl. Mot. at 1 (noting there were 92 valid claims submitted "[f]ollowing a robust notice program"))), and public policy arguments made in the opening brief. (*Compare* (Obj. to R&R at 14 (arguing that the R&R downplayed public policy implications because "following a change back to the prior Rain-X formula consumer complaints ceased")), *with* (Mot. at 15 (claiming that this litigation "was particularly compelling because . . . [f]ollowing a change back to the prior Rain-X formula, the consumer complaints ceased")).) Thus, this court reviews the portion of the R&R at issue here for clear error. And finding none, the court ADOPTS Judge Locke's recommendation to award Class Counsel $19,316.35 in attorney's fees.

### B.  Attorney's Costs and Expenses

No party objects to Judge Locke's recommendation that Class Counsel be awarded $41,117.61 in costs, and the time to do so has passed. (*See* Obj. to R&R at 5; *cf.* Defs.' Resp.) Therefore, the court reviews this portion of the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS this portion of the R&R recommending that Class Counsel be awarded $41,117.61 in costs.

### C.  Incentive Fee Award

Finally, the court addresses Plaintiff Duffy's request for an incentive fee award, which does not impact the amount recovered by Class Members. (Pl.'s Mot. for Prelim. Approval of Settlement (Dkt. 160) ¶ 7.) The Settlement Agreement provides Plaintiff

Duffy with an incentive fee award of up to $10,000 "for his individual damages and as an incentive award subject to approval by the Court." (Settlement Agreement ¶ 16.) "An incentive award is meant to compensate the named plaintiff for any personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450 (NRB), 2018 WL 3863445, at *2 (S.D.N.Y. Aug. 14, 2018); *see also Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 124-25 (S.D.N.Y. 2001) (finding $10,000 incentive fee award for named plaintiff reasonable).

When the court granted the motion for final approval of the settlement, it reserved judgment on Plaintiff Duffy's petition for an incentive fee award to allow counsel to provide supporting "evidence attesting to Plaintiff's participation in the case." (Mem. and Order Granting Mot. for Settlement Approval (Dkt. 173) at 11.) On April 26, 2024, Plaintiff Duffy filed a declaration under penalty of perjury, affirming that, among other things, he has "kept up with developments in this case and exercised [his] judgment in order to carry out [his] duties as a class representative," "[a]ssisted in investigating the claims asserted in this case," "[r]eviewed Defendants' responses to written discovery," "[p]repare[d] for and attend[ed] [his] deposition during the COVID-19 pandemic," and "[a]ctively review[ed] numerous documents filed in this case[.]" (Declaration of John Duffy III (Dkt. 177) ¶¶ 16, 17.) Having reviewed Plaintiff Duffy's declaration, the court finds that he has expended additional effort for the benefit of the lawsuit and approves the incentive fee award. As such, the court concludes that the incentive payment in the amount of $10,000 to Plaintiff Duffy is reasonable. To that end, as set forth in the Settlement Agreement, (Settlement Agreement ¶ 16), Plaintiff Duffy shall receive $10,000 for his individual damages and as an incentive award.

## IV.  CONCLUSION

For the foregoing reasons, the court OVERRULES Class Counsel's Objections and ADOPTS IN FULL Magistrate Judge's R&R awarding Class Counsel $19,316.35 in attorney's fees, plus $41,117.61 in costs, for a total award of $60,433.96. The court also GRANTS Plaintiff Duffy's petition for an incentive fee award in the amount of $10,000.

SO ORDERED.


Dated:     Brooklyn, New York
           September 23, 2024

                                s/Nicholas G. Garaufis
                                NICHOLAS G. GARAUFIS
                                United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN DUFFY III, *on behalf of Plaintiff and the
class members described herein,*

                          Plaintiff,

   -against-

ILLINOIS TOOL WORKS, INC. and SOUTH/WIN
LTD.,

                         Defendants.
-------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
15-cv-7407 (NGG)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-products liability class action, on

referral from the Honorable Nicholas G. Garaufis for Report and Recommendation,

is Plaintiff John Duffy III's ("Plaintiff" or "Duffy") Motion for Attorneys' Fees and

Costs. *See* Class Counsel's Fee and Expense Petition and Supporting Memorandum,

("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [164]. Defendants Illinois

Tool Works, Inc. ("ITW") and South/Win Ltd. ("South," and collectively "Defendants")

oppose. *See* Memorandum of Law in Opposition to Class Counsel's Fee and Expense

Petition ("Opposition" or "Opp."), DE [169]. By way of Complaint filed on December

30, 2015, *see* Complaint, DE [1], later modified by an Amended Complaint dated

February 12, 2016, *see* Amended Complaint, DE [21], Plaintiff commenced this

litigation against Defendants asserting, *inter alia,* breach of warranty, products

liability and negligence claims arising from the sale of windshield washer fluid, which

created certain problems for the cars that the fluid was used with.

1

Following eight years of litigation, five motions to compel, six written opinions, 23 court conferences, and countless hours of the Court's and the litigants' time, Duffy negotiated a class settlement agreement for which all class plaintiffs were paid a total of $1,859.18 – less than the threshold amount for small claims court.[1]  Pursuant to the agreement, Plaintiff's counsel now seeks an award of $350,000.00 in attorneys' fees and $41,117.61 in costs, for a total of $391,117.61.  Pl. Mot., 1.  Given the limited total recovery on behalf of the class, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part and that Plaintiff's counsel be awarded $19,316.35 in attorneys' fees and $41,117.61 in costs, for a total of $60,433.96.

## I.    BACKGROUND

The following facts are taken from the parties' memoranda of law, declarations and exhibits submitted in connection with Plaintiff's Motion.  The Court limits its recitation to the facts and procedural history to that necessary to resolve the present motion.

Duffy alleged that Defendants manufactured Rain-X windshield washer fluid, which damaged motor vehicles equipped with "continuity prong washer sensor[s]," in certain Volkswagen, Audi, Mini Cooper, BMW, Mercedes, and Chrysler vehicles, among others, requiring repairs costing between $100 and $200.  Pl. Mot., 2; Opp., 1. Defendants allegedly represented on packaging and labels that Rain-X was suitable

---

[1] In New York Small Claims Court, claimants can seek up to $5,000 in City Courts and $3,000 in Town and Village Courts.  A GUIDE TO SMALL CLAIMS & COMMERCIAL SMALL CLAIMS IN THE NEW YORK STATE, CITY, TOWN AND VILLAGE COURT, New York State Unified Court System, 1 (updated February 2024).

for use in motor vehicles without qualification or warning. Pl. Mot., 2. Plaintiff purchased Rain-X and used it in his Audi vehicle. Pl. Mot., 2; Opp., 1. The Rain-X product allegedly coated the low fluid warning sensors, causing the low fluid warning light to illuminate even though the windshield washer fluid reservoir was filled. Pl. Mot., 2; Opp., 1. This problem required time and money to fix. *See* Pl. Mot., 2.

Based on the foregoing, Plaintiff commenced this action against Defendants on December 30, 2015, asserting claims for breach of express warranty, products liability, negligence, and deceptive business practices and false advertising pursuant to New York General Business Law ("NY GBL") §§ 349, 350. *See* Complaint, DE [1]. Duffy filed an Amended Complaint, alleging the same claims, on February 12, 2016. *See* Amended Complaint, DE [21]. On November 1, 2016, Judge Bianco, then assigned to this action while still serving as a district judge, dismissed Plaintiff's breach of express warranty claim and his request for injunctive relief. *See* DE [35]. Discovery proceeded as to Duffy's remaining claims. *See* DEs [43] – [44]. Judge Garaufis was assigned to this action on May 31, 2019.

During discovery, Plaintiff moved to compel Defendants to produce the Rain-X formula and consumer contact information, which the Court granted in part and denied in part. *See* DEs [56], [68]. Duffy also filed three motions to compel third parties to comply with subpoenas, which the Court granted in part and denied in part. *See* DEs [78], [88], [132], [137], [144]; Electronic Order dated Aug. 16, 2022.

On September 30, 2021, Judge Garaufis granted Plaintiff's motion for class certification, appointed Duffy as class representative, and named Edelman, Combs,

Latturner & Goodwin LLC ("Edelman") and Kleinman, LLC ("Kleinman," collectively "Class Counsel") as class counsel. *See* DE [115]. Following further discovery and several conferences with the Court, the parties reached a settlement agreement (the "Settlement Agreement") and filed a motion for preliminary approval on October 6, 2023. *See* DE [160]. On October 20, 2023, Judge Garaufis granted the motion for preliminary approval of the Settlement Agreement, certified a class for settlement purposes, appointed Duffy as class representative and Edelman and Kleinman as Class Counsel, and approved distribution of a class notice. *See* DE [163].

Pursuant to the Settlement Agreement, Defendants agreed to pay damages up to $250,000 in total, to be distributed to class members that submitted valid claims. Settlement Agreement, DE [160-2], ¶ 9. If a class member submitted a valid claim, but did not provide evidence of unreimbursed actual damages, that person would receive $20. *Id.* ¶ 11. If a class member submitted a valid claim and provided proof of actual damages, that individual would receive up to $200. *Id.* Both types of valid claims may have been subject to a *pro rata* reduction in the event of the total claims exceeding the settlement fund. *Id.* Claim forms must have been returned within 90 days of the Court's preliminary approval of the Settlement Agreement to be valid. *See* Order granting Motion for Settlement, DE [163], ¶ 8(a). Further, Defendants were required to pay Plaintiff up to $10,000 for his individual damages and as an incentive award, subject to Court approval. Settlement Agreement, ¶ 16. Defendants also agreed to pay for the distribution of the class notice and other administrative expenses, as well as "the reasonable attorneys' fees, costs and expenses, including

4

expert expenses, as awarded by the Court to Plaintiff's counsel." *Id.* ¶¶ 17-18. "Expenses" includes "expert[s], filing fees, transcripts, subpoenas, service of process, and similar typical expenses." *Id.* ¶ 18. The parties further agreed that the United States District Court for the Eastern District of New York shall retain exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and that it shall be governed by New York law. *Id.* ¶¶ 40-41.

Following the Court's preliminary approval of the Settlement Agreement, notice of the settlement was mailed to 5,613 class members, as well as posted in several newspapers and online. Memorandum and Order on Plaintiff's Motion for Settlement Approval ("Final Approval Order"), DE [173], 6. The deadline to submit claims was January 19, 2024, and while no class members opted out or objected to the Settlement Agreement, only 92 valid claims were ultimately submitted. *See* Opp., 1; Final Approval Order, 6. On March 19, 2024, following a final fairness hearing, Judge Garaufis granted Plaintiff's motion for final settlement approval and ordered Defendants to pay a total of $1,859.18, to be disbursed amongst the 92 class members that submitted valid claims. *See* Final Approval Order, 12. Judge Garaufis reserved judgment on the issue of Plaintiff's incentive award. *Id.*

Plaintiff's Motion was filed on November 13, 2023, which Judge Garaufis referred to this Court for a Report and Recommendation on March 15, 2024. *See* Pl. Mot.; Order Referring Motion. Pursuant to Judge Garaufis's order, the parties filed supplemental briefing on April 19, 2024. *See* Supplemental Memorandum in Support of Plaintiff's Motion ("Plaintiff's Supplemental Memorandum" or "Pl. Supp."), DE

[175]; Defendant's Supplemental Memorandum of Law in Opposition to Plaintiff's Motion ("Defendant's Supplemental Opposition" or "Def. Supp."), DE [176].

Plaintiff asserts that Edelman spent over 875.20 hours in total litigating this action – which was billed at hourly rates ranging from $325 to $700 for partners, $230 for associates and $125 for paralegals – amounting to a total of $352,742.00 in attorneys' fees.  *See* Pl. Mot., Ex. A, Declaration of Daniel A. Edelman ("Edelman Decl."), App. H, 147.  The fees sought by Edelman are summarized below:

| Attorney Name and Title | Hourly Rate | Hours Worked | Fees Charged |
|---|---|---|---|
| Cathleen M. Combs (Partner) | $700.00 | 30 | $21,000.00 |
| Daniel A. Edelman (Partner) | $700.00 | 154.7 | $108,290.00 |
| James O. Latturner (Partner) | $700.00 | 3 | $2,100.00 |
| Tara L. Goodwin (Partner) | $600.00 | 7 | $4,200.00 |
| Francis R. Greene (Partner) | $500.00 | 0.4 | $200.00 |
| Heather Kolbus (Partner) | $500.00 | 158.2 | $79,100.00 |
| Dulijaza "Julie" Clark (Partner) | $500.00 | 0.3 | $150.00 |
| Cassandra Miller (Partner) | $450.00 | 0.6 | $270.00 |
| Tiffany Hardy (Partner) | $450.00 | 131 | $58,950.00 |
| Tiffany Hardy (Partner) | $325.00[2] | 128.5 | $41,762.00 |
| Stephen Pigozzi (Associate) | $230.00 | 38.2 | $8,786.00 |

---

[2] While Plaintiff's Motion does not explain why Ms. Hardy's work was billed at two different hourly rates, Edelman asserts that at the firm attorneys' hourly rates are adjusted "to account for inflation and increasing experience."  Edelman Decl., ¶ 34.  Accordingly, the Court will assume that Ms. Hardy's hourly rate was adjusted according to Edelman's stated policy.

| Emiliya G. Farbstein (Associate) | $230.00 | 0.2 | $46.00 |
|---|---|---|---|
| All Paralegals | $125.00 | 223.1 | $27,887.50 |
| **Total** | | 875.2 | $352,742.00 |

*See id.* 146-47.  Abraham Kleinman, a partner and the only attorney at Kleinman, spent a total of 174.80 hours at an hourly rate of $400, charging a total of $56,685.00.[3] *See* Pl. Mot, Ex. B, Declaration of Abraham Kleinman ("Kleinman Decl.").  Class Counsel therefore accumulated $409,427.00 in fees in total.  In seeking $350,000 in attorneys' fees by way of the present motion, Class Counsel purports to request approximately 85% of the fees actually incurred.  *See* Pl. Mot., 4.  Edelman and Kleinman expended $44,545.01 and $567.68 in costs respectively, but Class Counsel seeks reimbursement for only $41,117.61 in costs.  Edelman Decl., App. H, 147; Kleinman Decl., Ex. 1, 163; *see* Pl. Mot., 1.

## II.    DISCUSSION

Class Counsel seeks an award of $350,000 in attorneys' fees and $41,117.61 in costs, for a total of $391,117.61.  Pl. Mot., 1.  As noted above, Plaintiff seeks reimbursement for approximately 85% of the fees actually incurred.  *Id.* 4. Defendants argue that Duffy's requested award is unreasonable given, *inter alia*: (1) Class Counsel's limited success on behalf of the class, (2) Edelman's excessive hourly rates compared to those customary in the Eastern District, (3) Edelman's overstaffing

---

[3] The Court notes that multiplying 174.80 hours by an hourly rate of $400 yields a total of $69,920 in attorneys' fees incurred by Kleinman.  Duffy asserts, however, that Kleinman did not charge for 31.5 of the hours spent on this litigation, which accounts for the $12,600 deficit in Plaintiff's calculation of Kleinman's total fees.  *See* Pl. Supp., 5.

and percentage of work performed by partners rather than associates or paralegals, and (4) Class Counsel's vague and/or block billed time entries. *See generally* Opp. Given the limited total recovery on behalf of the class, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part and that Class Counsel be awarded $19,316.35 in attorneys' fees and $41,117.61 in costs, for a total of $60,433.96.

### A. Availability of Attorneys' Fees Under New York Law

In a diversity action, such as the instant case, state law governs the issue of the availability of attorneys' fees. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees"). Further, the parties agreed that the Settlement Agreement shall be governed by New York law. *See* Settlement Agreement, ¶ 41.

"It is well settled in New York that a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule." *RMP Cap. Corp. v. Victory Jet, LLC*, 139 A.D.3d 836, 839, 32 N.Y.S.3d 231, 235 (2d Dep't 2016) (internal citations and quotation marks omitted). When construing a contractual fee-shifting provision – such as that included in the Settlement Agreement – courts will award the amount expended by the prevailing party "so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987) (applying New York law). Moreover,

8

as noted above, the Settlement Agreement permits Plaintiff to seek "*reasonable attorneys' fees, costs and expenses.*" Settlement Agreement, ¶ 18 (emphasis added).

Under New York law, a reasonable fee "is commonly understood to be a fee 'which represents the reasonable value of the services rendered.'" *RMP Cap. Corp.,* 139 A.D.3d at 839, 32 N.Y.S.3d at 235 (quoting *NYCTL 1998-1 Tr. v. Oneg Shabbos, Inc.,* 37 A.D.3d 789, 790, 830 N.Y.S.2d 763, 764 (2d Dep't 2007)). "[T]he determination must be made based upon a demonstration of the hours reasonably expended on the litigation and what is reasonable compensation for the attorney based upon the prevailing rate for similar work in the community." *RMP Cap. Corp.,* 139 A.D.3d at 839, 32 N.Y.S.3d at 236. When evaluating requests for attorney's fees, New York courts typically consider, "the time and skill required in litigating the case, the complexity of issues, the customary fee for the work, and the results achieved." *Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn,* 984 F.2d 69 (2d Cir. 1993) (citing New York cases). Further, the Supreme Court has noted that in the event a litigant is only partially successful on its claims, a court "may simply reduce the award to account for the limited success," without undertaking an hour-by-hour calculation. *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S. Ct. 1933, 1941 (1983).

Moreover, "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered." *NYCTL,* 37 A.D.3d 789, 791, 830 N.Y.S.2d 763, 764 (2d Dep't 2007). To this end, the party seeking the award of fees must offer proof not only as to the customary fee

9

charged for similar services, but also of the experience, reputation, and education of the lawyers who provided the representation. *See Friedman v. Miale*, 69 A.D.3d 789, 791-92, 892 N.Y.S.2d 545, 547-58 (2d Dep't 2010). The party requesting attorneys' fees bears the burden to establish entitlement to such an award. *See Zero Carbon Holdings, LLC & Four Thirteen, LLC, v. Aspiration Partners, INC.*, No. 23-CV-5262, 2024 WL 3409278, at \*3 (S.D.N.Y. July 15, 2024) (applying New York law).

## B. <u>Application to Plaintiff's Fee Request</u>

Plaintiff seeks an award of $350,000 in attorneys' fees, based on the work of 11 attorneys from Edelman and one from Kleinman, as well as several Edelman paralegals. *See generally* Pl. Mot. Class Counsel have provided contemporaneous time records to support their assertions as to the hours spent litigating this action. *See* Edelman Decl., App. H; Kleinman Decl., Ex. 1. While Defendants argue that Class Counsel's time entries are vague and difficult to understand, the Court concludes that the records provide sufficient detail for the Court to conduct its analysis. *See* Opp., 18-19.

Further, Duffy submits sufficient documentation regarding the experience, reputation and education of all but two of these attorneys: Cathleen M. Combs and James O. Latturner. Combs and Latturner are former partners at Edelman, retiring in 2021 and 2020 respectively, but no further information about their experience and qualifications is provided. Edelman Decl., ¶ 1. As a result, the Court recommends that Plaintiff be denied attorneys' fees for their work.

10

With respect to the remaining attorneys and paralegals, the Court must determine whether the requested award is reasonable.  Based on the information provided regarding Class Counsel's experience, expertise and previous awards of attorneys' fees, the Court determines the hourly rates charged to be reasonable.  *See* Edelman Decl. ¶¶ 2-9, 35-36 (detailing each attorneys' qualifications and experience in consumer-related litigation, as well as prior awards of attorneys' fees to the Edelman firm); Kleinman Decl. ¶¶ 2-7 (detailing Abraham Kleinman's experience and expertise in consumer-related litigation).  Given the limited results achieved in this litigation, however, the Court concludes that a significant reduction in the fees sought is warranted.

Duffy originally sought $5,000,000 damages on behalf of the class.  Amended Complaint, DE [21], ¶ 8.  After spending over eight years litigating this action, Plaintiff negotiated a total potential settlement fund – on behalf of all potential class members – of just $250,000.  *See* Settlement Agreement, ¶ 9.  And although notice of the Settlement Agreement was sent to over 5,600 class members, only 92 valid claims were submitted, resulting in a total payout to the class of just $1,859.18.  *See* Final Approval Order, 6.  Given this limited recovery, the Court cannot justify awarding Class Counsel $350,000 in attorneys' fees, which is 188 times the amount actually paid to class members.  *See Am. Dev. Grp., LLC v. Island Robots of Fla.,* No. 17CV3223NGGPK, 2019 WL 5790265, at *13 (E.D.N.Y. Oct. 4, 2019), *report and recommendation adopted,* No. 17CV3223NGGPK, 2019 WL 5788319 (E.D.N.Y. Nov. 6, 2019) (awarding one quarter of fees sought based on limited success of plaintiff on

only NY GBL claim); *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 25 F. Supp. 2d 127, 134 (E.D.N.Y. 1998) (reducing fee by half due to plaintiff's limited success based on both the federal law lodestar method and New York law factors); *see Riordan*, 977 F.2d at 54 (affirming reduced award of attorneys' fees based on plaintiff's limited recovery); *Gordon v. Verizon Commc'ns, Inc.*, 148 A.D.3d 146, 166, 46 N.Y.S.3d 557 (1st Dep't 2017) (remanding fee application to the trial court for a determination of an award "in an amount commensurate with the degree of benefit obtained by the class as a result of the litigation").

While Duffy asserts that attorneys' fees awarded under the fee-shifting provisions of NY GBL § 349 need not be proportional to the amount recovered, this argument is of no moment. *See* Pl. Supp., 2 (citing *Tomassini v. FCA US LLC*, No. 21-2785-CV, 2023 WL 2194016, at *2 (2d Cir. Feb. 24, 2023)). For one, although Plaintiff brought claims pursuant to NY GBL §§ 349 and 350, Duffy now seeks attorneys' fees pursuant to the parties' Settlement Agreement, which provides for the payment of "*reasonable* attorneys' fees." Settlement Agreement, ¶ 18 (emphasis added). Moreover, "the touchstone for an award of attorneys' fees pursuant to a contract is reasonableness." *Carco Group, Inc. v. Maconachy*, 718 F.3d 72, 86 (2d Cir. 2013). It is therefore appropriate for the Court to consider whether the requested fee award is reasonable based on Plaintiff's limited recovery.

Duffy also argues that the Court should disregard the minimal recovery obtained given the public policy considerations associated with this action. *See* Pl. Supp., 10. Plaintiff contends that the present litigation exposed a problem with the

Rain-X formula that had the potential to harm consumers. *See id.* The minimal overall participation in the settlement, however, directly contradicts Duffy's assertion. Only 92 out of over 5,600 class members filed valid claims, and only one of those claimants submitted proof of actual damages resulting from their use of the product. *See* Opp., 22. It appears that the public was, at most, only nominally interested in the problem underlying Plaintiff's lawsuit.

Lastly, the Court notes that a reduction in the requested fee is appropriate given the improper staffing of this matter. In total, ten partners – and only two associates – contributed to this action, along with several Edelman paralegals. *See* Edelman Decl., App. H, 146-47; Kleinman Decl. Moreover, approximately 75% of all work was completed by partners.[4] Further, much of the work performed by partner-level attorneys could have been handled by associates, including drafting discovery requests and responses, reviewing document productions, and conducting legal research. *See e.g.*, Edelman Decl., App. H, 5 (entry from Hardy on Feb. 28, 2017, "draft interrogatories – research interrogatories"); *id.* 12 (entry from Hardy on Jun. 23, 2017, "review def's [*sic*] doc production . . ."); *id.* 15 (entry from Hardy on July 7, 2027, "Westlaw research re redacting class member info"). Kleinman often performed administrative tasks typically associated with paralegals. *See e.g.*, Kleinman Decl., Ex. 1, 13 ("File DAE granted PHV in case management system"; *id.* 27 ("Enter Discovery Conference Adjourn Request [49] in case management system"). Plaintiff argues that this staffing structure was appropriate in light of Kleinman's status as a

---

[4] Partner-work accounted for 788.5 out of 1,050 total hours billed in this litigation. *See* Edelman Decl., App. H, 146-47; Kleinman Decl.

sole practitioner and the fact that Edelman is a small firm with few associates. *See* Pl. Supp., 7. Regardless of whether it was subjectively appropriate for partner-level attorneys to conduct this type of work at the Edelman and Kleinman firms, the Court must award attorneys' fees based on what is objectively reasonable under the circumstances – particularly given the limited overall recovery in this case. *F.H. Krear*, 810 F.2d at 1263 (noting an award of attorneys' fees under New York law must be reasonable); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 CIV. 6094 PAE, 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (reducing fee where partners performed 70% of the work in a wage and hour litigation with state and federal claims).

Based on the foregoing, the Court concludes that a 95% reduction in the total fees incurred – minus the fees billed by Combs and Latturner – is warranted. *See Hensley*, 461 U.S. at 436-37, 103 S. Ct. at 1941. (noting that across-the-board percentage deductions are appropriate when awarding attorneys' fees); *Riordan*, 977 F.2d at 54 (holding that reduced fee award based on plaintiff's limited recovery was within the trial court's discretion). Accordingly, the Court recommends that Class Counsel be awarded a total of $19,316.35 in attorneys' fees.[5]

### C. Costs and Expenses

As noted above, the Settlement Agreement authorizes Plaintiff to seek reimbursements for reasonable costs and expenses, including "expert[s] [fees], filing fees, transcripts, subpoenas, service of process, and similar typical expenses."

---

[5] This figure was calculated by subtracting the fees billed by Combs and Latturner – $21,000 and $2,100 respectively – from the total $409,427.00 fees incurred by Class Counsel and further subtracting 95% from the result.

14

Settlement Agreement, ¶ 18.  Class Counsel seeks an award of $41,117.61 in costs. *See* Pl. Mot., 1.

"Except in rare circumstances in which some important state interest is implicated," the availability of costs in an action in federal court is controlled by federal law.  *BASF Corp. v. Prime Auto Collision Inc.*, No. 20-CV-4797, 2022 WL 704127, at *9 (E.D.N.Y. Mar. 9, 2022).  As a general matter, the Second Circuit has held that, "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  Reasonable expenses include court filing fees, process servers, postage and transcripts.  *Hanover Ins. Co. v. D'Angelo*, No. CV 13-4301, 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018) (citation omitted).  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. Jul. 21, 2011)).

Here, Class Counsel have provided itemized documentation – as well as receipts and invoices – of the costs incurred throughout this litigation.  *See* Edelman Decl., App. H, 116-145; Kleinman Decl., Ex. 1.  These expenses include postage, filing fees, process servers, court reporters and expert fees.  *See* Edelman Decl., App. I; Kleinman Decl., Ex. 1.  The Court concludes that these expenses are recoverable and recommends that Plaintiff be awarded $41,117.61 in costs.[6]

---

[6] Defendants argue that fees charged by "Interactive Counseling" are not recoverable because expert fees are not recoverable under Fed. R. Civ. P. 54(d)(1) unless there is "explicit statutory or contractual

15

## III.   CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part and that Class Counsel be awarded $19,316.35 in attorneys' fees and $41,117.61 in costs, for a total of $60,433.96.

## IV.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.   *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).   Failure to file objections within the specified period waives the right to appeal the District Court's order.   *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
July 18, 2024

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

---

authorization." Def. Supp., 6-7.   Given that the Settlement Agreement specifically permits the recovery of expert fees, Defendants' argument is of no moment.   *See* Settlement Agreement, ¶18.

16